IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Oguz F. Magden, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>YSA ARM LLC d/b/a OXYGENXL,<br><br>Defendant. | Civil Action No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Oguz F. Magen ("Plaintiff") brings this action on behalf of himself and all others similarly situated against YSA ARM LLC d/b/a OXYGENXL ("Defendant" or "OxygenXL"). Plaintiff makes the following allegations pursuant to the investigation of his counsel and based upon information and belief, except as to the allegations specifically pertaining to himself, which are based on his personal knowledge.

I.   **NATURE OF THE ACTION**

1. This is a putative class action against OxygenXL ("OxygenXL") for violations of the Driver's Privacy Protection Act, 18 U.S.C. § 2721-2727 ("DPPA"). The DPPA makes it unlawful for a person to knowingly obtain or use personal information – like names and addresses – of individuals from their driver motor vehicle records, except under narrow exceptions which do not apply here.

2. Defendant is a privately owned company that operates as a debt collector for Professional Parking Management ("PPM"). PPM manages private parking facilities.

3. The drivers that enter PPM managed private parking facilities do not provide their names or addresses, nor do they otherwise consent to PPM and/or OxygenXL seeking or

obtaining their personal information from their driver motor vehicle records.

4. To those whom PPM accuses of violating its parking facility rules, PPM issues private parking fines ("Fine" or "Fines"), which are sent to their home address as listed on their driver's motor vehicle records.

5. To match Fine recipients with their home addresses for mailing and receipt of the Fine notice, OxygenXL and/or PPM utilize cameras and license plate recognition technology to capture the license plate information of drivers entering PPM-managed private parking facilities. This data is then used to retrieve personal information, including the names and addresses of the vehicle owners.

6. Prompted and tasked by PPM, OxygenXL sends letter notices to individuals who have received PPM's Fines, seeking to collect payment ("Notice" or "Notices").

7. In doing so, OxygenXL violates the DPPA because it knowingly uses and/or obtains, without consent, Plaintiff's and Class Members' personal information, including names and home addresses, from non-publicly accessible motor vehicle state records stored by the respective Department of Motor Vehicles ("DMV").

8. Plaintiff seeks, on behalf of himself and each member of the proposed Class, statutory damages under the DPPA in the amount of $2,500, reasonable attorney's fees, litigation costs reasonably incurred, and such other equitable relief as the court deems appropriate, including injunctive relief in the form of a prohibition on OxygenXL from obtaining, using and disclosing personal information obtained from any DMV to send collection Notices through the mail to consumers' residences.

## II.   INTRODUCTION TO THE DPPA

9. In 1994, Congress enacted the DPPA as a critical measure to protect the personal

information of drivers in the United States. This federal law was designed to address growing concerns about the misuse of personal data collected by state DMV's. By regulating the disclosure and use of personal information contained in motor vehicle records, the DPPA ensures that this sensitive data is only accessible for legitimate and specified purposes. DPPA's primary goal is to safeguard individuals' privacy and prevent the exploitation of their personal information for purposes such as solicitation, marketing, and identity theft.

10.     Historically, the DPPA was a response to several high-profile incidents where personal information obtained from DMV records was used for harmful purposes, including intimidation and harassment. The act was championed by Congress as a necessary step to enhance privacy protections in an increasingly data-driven society. Its passage marked a pivotal moment in the evolution of privacy law in the United States, setting a precedent for subsequent legislation aimed at protecting personal data.

11.     The effect of the DPPA has been profound, establishing a legal framework that mandates strict confidentiality and restricts access to motor vehicle records. Under the DPPA, personal information such as names, addresses, and Social Security numbers cannot be disclosed without the driver's written consent, except for certain permitted uses, such as law enforcement activities.

12.     The act imposes penalties for unauthorized access and misuse of this data, thereby deterring potential abusers and reinforcing the aim to reduce the risks associated with the widespread availability of private and sensitive driver information.

13.     Regrettably, there are still occasions where unscrupulous actors like OxygenXL disregard the DPPA and abuse the personal information contained in DMV records for illicit purposes. This is one such case. OxygenXL's entire business model is based on flouting the

DPPA and abusing official motor vehicle data to harass, intimidate, deceive, and ultimately defraud consumers. This action aims to stop OxygenXL's unlawful conduct and compensate consumers whose privacy rights have been blatantly violated.

### III.     PARTIES

14.     Plaintiff Magden is a natural person and resident of Broward, Florida. In or around August 2024, Plaintiff Magden received a document in the mail from PPM purporting to be a Fine issued by PPM, which demanded payment in connection to an alleged violation by Plaintiff Magden of PPM's parking facility rules. In or around September 2024, Plaintiff received a collection Notice, this time from OxygenXL, demanding payment in connection to the August 2024 PPM Fine.

15.     At no time did Plaintiff Magden provide his name or address to PPM or OxygenXL, nor did Plaintiff Magden ever consent to PPM or OxygenXL obtaining his address through his vehicle records.

16.     Plaintiff has never publicly disclosed or made publicly available the personal motor vehicle record information acquired by OxygenXL.

17.     OxygenXL harassed and invaded Plaintiff's privacy and solitude by obtaining, disclosing, and using Plaintiff's personal and private motor vehicle record information.

18.     Defendant YSA ARM LLC d/b/a OXYGENXL is a New York Company which regularly conducts business in Florida, with headquarters located at 1 Hillcrest Center Dr. Suite #314, Spring Valley, NY 10977.

### IV.     JURISDICTION AND VENUE

19.     This Court has original subject matter jurisdiction over this action pursuant to 18 U.S.C. § 2724(a) and 28 U.S.C. § 1331 because the claims asserted arise from a federal statute.

20. This Court has personal jurisdiction over OxygenXL because it is a New York limited liability company with its principal place of business located in Spring Valley, New York, and its violations alleged herein occurred in part within New York.

21. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) and (c) because Defendant is deemed to reside in any juridical district in which it is subject to personal jurisdiction, and because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## V. FACTUAL ALLEGATIONS

22. PPM is a company that manages and operates private parking facilities.

23. PPM utilizes camera and license plate detection and recognition technology for monitoring its parking facilities.

24. Drivers who enter PPM's facilities do not provide their names or addresses, nor do they provide any consent for PPM or OxygenXL to obtain their names or addresses.

25. Nevertheless, if PPM deems that a driver has violated its parking facility rules, it will issue a private parking Fine addressed to the owner of the driver's vehicle, which it sends to the vehicle owner's home address.

26. To accomplish this, PPM and/or OxygenXL use camera and license plate recognition technology to identify the driver's license plate, then uses the license plate information to unlawfully acquire the vehicle owner's personal information – like their name and address – from DMV records.

27. To coerce payment from the recipient of the private parking Fine, PPM threatens that if the recipient does not pay, the amount due will increase substantially and/or will be sent to collection agencies.

28. OxygenXL assists PPM by using unlawfully obtained personal information to send correspondences in an effort to collect from individuals who received PPM's private parking Fine.

29. OxygenXL sends the collection Notice letters to the vehicle owner's home address and directs the letters to the vehicle owner.

30. No exceptions apply under the DPPA to allow OxygenXL or PPM to acquire the vehicle owner's information.

31. The DPPA governs the manner by which certain personal information can be accessed or disclosed and imposes penalties for violations of its provisions.

32. Section 2724(a) of the DPPA provides that "[a] person who knowingly obtains, discloses or uses personal information, from a motor vehicle record, for a purpose not permitted under this chapter shall be liable to the individual to whom the information pertains…"

33. OxygenXL is a "person" within the meaning of 18 U.S.C. 2725(a).

34. OxygenXL obtained Plaintiff's and Class Members' "Personal Information," as defined by the DPPA to mean "information that identifies an individual, including an individual's photograph, social security number, driver identification number, name, address (but not the 5-digit zip code), telephone number, and medical or disability information, but does not include information on vehicular accidents, driving violations and driver's statute." 18 U.S.C. § 2725.

35. A "motor vehicle record" is defined in the DPPA to mean "any record that pertains to a motor vehicle operator's permit, motor vehicle title, motor vehicle registration, or identification card issued by a department of motor vehicles…" *Id*.

36. DPPA Section 2721(b) provides a set of "permissible uses" of personal information. The permissible use exemptions to the DPPA allow the access and use of such information for a limited number of purposes designed to promote public welfare.

37. OxygenXL's use of official motor vehicle records to obtain the personal information of Plaintiff and Class Members to send collection Notices containing Fines when applicable is not permissible under the DPPA.

38. OxygenXL did not receive Plaintiff's or Class members express written consent prior to accessing their personal information as required by the DPPA, 18 U.S.C. § 2721(b)(12). The DPPA does not provide a lawful basis for Defendant to obtain said information.

39. Plaintiff and Class members never waived their rights to privacy under 18 U.S.C. § 2721(d).

40. OxygenXL's conduct as set forth above caused Plaintiff and Class members harm, including violations of their statutory rights, invasion of their privacy, intrusion upon seclusion, harassment and annoyance.

41. Accordingly, Plaintiff has standing to bring his claims under the DPPA. *See Garey v. James S. Farrin, P.C.*, 35 F.4th 917, 922 (4th Cir. 2022) ("At bottom, the DPPA is aimed squarely at 'the right of the plaintiff, in the phrase coined by Judge Cooley, 'to be let alone.'"") (quoting William L. Prosser, *Privacy*, 48 Calif. L. Rev. 383, 389 (1960)).

## VI.    CLASS ALLEGATIONS

42. Class Definition: Plaintiff brings this action on behalf of himself and all other persons similarly situated, per Federal Rules of Civil Procedure 23(a) and (b)(3). The proposed Class is defined as follows:

> All natural persons in the United States whose Personal Information, as defined by the DPPA, was obtained, used and/or disclosed by Defendant, and/or any of its agents, in the four years preceding the filing of the Complaint, through the date of any order granting certification of the class.

43. Expressly excluded from the Class are:

>   (a)    Any Judge or Magistrate Judge presiding over this action and members of their immediate families;
>
>   (b)    OxygenXL and any entity in which OxygenXL has a controlling interest or which has a controlling interest in OxygenXL and its legal representatives, assigns and successors; and

  (c) All persons who properly executive and file a timely request for exclusion from the Class.

44. **Numerosity:** The number of persons within the Class is substantial, believed to amount to thousands of persons. It is, therefore, impractical to join each member of the Class as a named Plaintiff. Further, the size and relatively modest value of the claims of the individual members of the Class renders joinder impractical. Accordingly, utilization of the class action mechanism is the most economically feasible means of determining and adjudicating the merits of this litigation. Moreover, the Class is ascertainable and identifiable from Defendant's records.

45. **Commonality and Predominance:** There are well-defined common questions of fact and law that exist as to all members of the Class and that predominate over any questions affecting only individual members of the Class. These common legal and factual questions, which do not vary from Class member to Class member and which may be determined without reference to the individual circumstances of any class member, include, but are not limited to, the following:

  (a) Whether OxygenXL had any permissible purpose within the meaning of the DPPA when it obtained the Personal Information of Plaintiff and the Class;

  (b) Whether OxygenXL obtained, disclosed, or used the Personal Information of Plaintiff and the Class in violation of the DPPA and is therefore liable to Plaintiff and the Class;

  (c) Whether Plaintiff and the Class are entitled to a judicial determination that Defendant's actions violate the DPPA as well as the rights and obligations of the Parties with respect to the demand for payment;

  (d) Whether OxygenXL's systematic conduct was willful or in reckless disregard of the law, warranting the award of punitive damages against OxygenXL and in favor of Plaintiff and the Class, as provided by the DPPA.

  (e) Whether Plaintiff and the members of the Class have sustained damages and, if so, the proper measure of such damages.

46. **Adequate Representation:** Plaintiff has retained and is represented by qualified and competent counsel who are highly experienced in complex consumer class action litigation.

Plaintiff and his counsel are committed to vigorously prosecuting this class action. Moreover, Plaintiff is able to fairly and adequately represent and protect the interests of such a Class. Neither Plaintiff nor his counsel have any interest adverse to, or in conflict with, the interests of the absent members of the Class. Plaintiff has raised viable statutory claims or the type reasonably expected to be raised by members of the Class, and will vigorously pursue those claims. If necessary, Plaintiff may seek leave of this Court to amend this Class Action Complaint to include additional Class representatives to represent the Class, additional claims as may be appropriate, or to amend the Class definition to address any steps that Defendant took.

47.    **Superiority:** A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all Class members is impracticable. Even if every member of the Class could afford to pursue individual litigation, the Court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. By contrast, the maintenance of this action as a class action, with respect to some or all of the issues presented herein, presents few management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each member of the Class. Plaintiff anticipates no difficulty in the management of this action as a class action.

## CAUSES OF ACTION
## COUNT I
**Violation of the Driver's Privacy Protection Act**
**18 U.S.C. § 2721-2727, *et seq.***

48.    Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

49. OxygenXL is a "Person" as defined in 18 U.S.C. 2725(2).

50. Defendant invaded the privacy of Plaintiff's and the Class by seeking and obtaining their "Personal Information" as defined in 18 U.S.C. 2725(3).

51. Prior to seeking and obtaining Plaintiff's and the Class Members' Personal Information, Defendant never received prior express written consent as defined in 18 U.S.C. 2725(5).

52. The DPPA, 18 U.S.C. 2722 makes it "unlawful for any person knowingly to obtain or disclose personal information, from a motor vehicle record, for any use not permitted under Section 2721(b)" of the DPPA.

53. The DPPA, 18 U.S.C. § 2724(a) provides that a "person who knowingly obtains, discloses or uses personal information, from a motor vehicle record, for a purpose not permitted under this chapter shall be liable to the individual to whom the information pertains…"

54. Defendant knowingly obtained and used Plaintiff's Personal Information obtained from a state motor vehicle record in order to mail them correspondences and to attempt to collect payments from them, which is not a permissible purpose under the DPPA.

55. Plaintiff and Class members did not provide Defendant with any form of consent to access their personal information from their driver motor vehicle records.

56. As a result of Defendant's conduct and invasion of privacy, Plaintiff and the Class have suffered harm, and are entitled to recover the damages available under the DPPA, plus costs and attorneys' fees, as provided under the DPPA, 18 U.S.C. § 2724(b).

57. On behalf of himself and Class members, Plaintiff seeks: (i) declaratory relief: (ii) injunctive relief and equitable relief as is necessary to protect the interests of Plaintiff and the Class members by requiring Defendant to comply with DPPA and/or seize their current

practices; (iii) statutory damages of $2,500 per violation of the DPPA pursuant to 18 U.S.C. 2724(b) of the DPPA; and (iv) reasonable attorneys' fees and costs and other litigation expenses.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks a judgment against Defendant, individually and on behalf of all others similarly situated as follows:

(a) For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure, naming Plaintiff as the Class representatives, and naming Plaintiff's attorneys as Class Counsel to represent the Class;

(b) For an order declaring that Defendant's conduct violates the DPPA, as referenced herein;

(c) For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

(d) An award of statutory damages equal to actual damages, but no less than liquidated damages in the amount of $2,500;

(e) Punitive damages upon proof of willful or reckless disregard of the law;

(f) For an order permanently enjoining OxygenXL from further violating the DPPA;

(g) For an order awarding Plaintiff and Class members their reasonable attorneys; fees and expenses.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b)(1), Plaintiff demands a trial by jury on all claims so triable.

Dated: October 23, 2024                                Respectfully submitted,

                                                     **GUCOVSCHI ROZENSHTEYN, PLLC**

                                                     By:  /s/ Adrian Gucovschi
                                                         Adrian Gucovschi, Esq.

                                                     Adrian Gucovschi
                                                     Benjamin Rozenshteyn
                                                     Nathaniel Haim Sari (*pro hac vice* pending)
                                                     140 Broadway, FL 46
                                                     New York, NY 10005
                                                     Tel: (212) 884-4230
                                                     adrian@gr-firm.com
                                                     ben@gr-firm.com

nsari@gr-firm.com

*Counsel for Plaintiff and the Class*