

February 14, 2025

**Max Kaplan**
Direct Phone   215-665-4682
Direct Fax      215-701-2282
mkaplan@cozen.com

**VIA ECF**

Hon. Cathy Seibel
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

**Re:**   *Magden et al. v. YSA ARM LLC d/b/a OxygenXL*, No. 7:24-cv-8065 (S.D.N.Y.)
         **Request for Extension of Time to File Motion to Dismiss**

Dear Judge Seibel:

We represent YSA Arm LLC d/b/a OxygenXL ("**OxygenXL**") in the above-referenced action. We write pursuant to Rule 1(E) of this Court's Individual Practices to respectfully renew our request that the Court extend OxygenXL's time to respond to the Amended Complaint until after a ruling on OxygenXL's forthcoming motion to transfer this action to the Southern District of Florida ("**Motion to Transfer**"), currently due March 4, 2025. Now having the benefit of Plaintiff Oguz F. Magden's ("**Magden**") Amended Complaint (Doc. 15), it is clear the Court's initial impression is correct, namely, that "[i]t sure sounds like the center of gravity of the case is in Florida," and not New York. *See* January 8, 2025 Transcript ("Tr."), attached hereto as **Exhibit A**, at 7:1-14. Respectfully, notions of comity, preservation of judicial and party resources, and the just and efficient administration of this proceeding strongly favor resolving transfer first.[1]

By way of background, a pre-motion conference was held on January 8, 2025 to discuss Magden's then forthcoming Amended Complaint and OxygenXL's forthcoming Motion to Transfer. Docs. 8, 12-13. Prior to the conference, Magden represented that his "amended complaint will effectively moot the core arguments raised in Defendant's [Pre-Motion] Letter by including new factual allegations, causes of action, and class definitions," which would "have a significant impact on Defendant's request that the case be transferred to Florida." Doc. 12 at 1. During the conference, Magden stated (through counsel) that these would include "various state consumer protection and debt collection acts." Tr. at 2:20-25. While recognizing that the case "sounds" Florida-centric, the Court declined to take any position "until I see not only the amended complaint, but the parties' arguments." Tr. at 7:12-15.

In light of the foregoing, the Court initially stayed OxygenXL's pleading deadline pending a ruling on the Motion to Transfer. Tr. at 10:1-3. As the Court recognized, such a stay would "save[] both sides the resources of litigating the 12(b)(6) motion because if I grant the transfer motion…I am not going to reach the 12(b)(6) motion." Tr. at 13:22-25. Ultimately, however, the Court deferred to Magden's preference for an expedited procedure and directed OxygenXL to brief transfer and dismissal concurrently. Tr. at 14:3-11; 15:12-23.

---

[1]    OxygenXL maintains that this action should be dismissed or stayed pursuant to the first-to-file rule, and reserves the right to move for such relief, but focuses this request on the need to first determine venue.

Hon. Cathy Seibel
February 14, 2025
Page 2

Plaintiffs filed their Amended Complaint on January 21, 2025. Doc. 15. **The Amended Complaint only confirms that this action should proceed in the Southern District of Florida, not in New York**. Specifically, and without retreading earlier topics (*see* Doc. 8):

- Plaintiffs still lack ties to New York. Florida resident Magden is now joined by three other Plaintiffs, who are residents of Florida and Georgia (not New York). Doc. 15 ¶¶ 15, 17, 18. These Plaintiffs take issue with letters they allegedly received in Florida, Georgia, and Louisiana (not New York), which allegedly sought payment for parking at facilities in those states (not New York). *Id.* ¶¶ 14-18.

- Plaintiffs still do not assert New York claims. Plaintiffs bring claims under the Driver Privacy Protection Act, the Fair Debt Collection Practices Act, and for unjust enrichment "[u]nder Florida, Georgia and Louisiana law," all of which relate to events purportedly occurring in those states. *Id.* ¶¶ 52-86. Plaintiffs do not bring a single claim under a "state consumer protection [or] debt collection act[]" or in any way invoke New York law. Tr. at 2:20-25.

- Plaintiffs still concede OxygenXL has a significant Florida presence. Indeed, Plaintiffs admit that OxygenXL "operates" in Florida, sends collection letters to Florida, and files with state regulators in Florida. Doc. 15 ¶ 23.

- Plaintiffs continue to allege incorrect and nominal New York contacts. Contrary to the allegations in the Amended Complaint (*cf. id.* ¶ 23), OxygenXL is headquartered in New Jersey and operates in Florida. While OxygenXL previously operated in New York, and remains incorporated in New York, these are historical artifacts irrelevant to where this matter should be litigated today.

- Plaintiffs continue to intertwine their claims with the first-filed *Cicale* action. In addition to bringing a duplicative DPPA claim, Plaintiffs now assert that OxygenXL's collection practices—including charging a "convenience fee"—violate debt collection law. These allegations are already before Judge Singhal in the Southern District of Florida. *Compare* Doc. 15 ¶¶ 44, 77-82, *with* Am. Compl. ¶¶ 67(j), 131-147, *Cicale v. Professional Parking Mgmt. Corp.*, No. 24-61146 (S.D. Fla. 2024), ECF No. 10.

Given these apparent bases for transfer, OxygenXL respectfully submits that any adjudication on the pleadings should be extended pending a ruling on the Motion to Transfer. As the Court already recognized, this Court will not "reach the 12(b)(6) motion" if the Motion to Transfer is granted. Tr. at 13:22-25. Put differently, should the parties be forced to spend the time and expense briefing a Rule 12(b)(6) motion, such efforts are likely to prove wasteful and, given differing circuit law, potentially irrelevant to this action even after transfer. An extension, therefore, is consistent with the Court's goal "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

Moreover, notions of comity strongly favor addressing venue first, as requiring concurrent briefing deprives the Southern District of Florida the opportunity to direct how this matter proceeds vis-à-vis the first filed *Cicale* and *Mary* actions. Indeed, Judge Singhal has actively sought to coordinate among and between the related actions before him. *See* Order to Show Cause, *Mary v. Professional Parking Mgmt. Corp.*, No. 24-61213 (S.D. Fla. 2024), ECF 28. Judge Singhal is best positioned to determine the manner in which to navigate the overlap between these related actions as to minimize duplicative efforts and avoid inconsistent outcomes and rulings.

Hon. Cathy Seibel
February 14, 2025
Page 3

Accordingly, OxygenXL respectfully requests that this Court grant an extension of its time to file a Motion to Dismiss from March 4, 2025, until 45 days after the Court's resolution of its Motion to Transfer.

Plaintiffs do not consent to this request, as they argue that bifurcation will unnecessarily delay proceedings.

Respectfully submitted,

Max E. Kaplan

cc:    All counsel of record (*via ECF*)